## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**KURT MOHRING**,

     Plaintiff,

v.

**SPEEDWAY, LLC.**,

     Defendants.

**Case No.:** _____

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kurt Mohring, by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, Speedway, LLC. ("Speedway"), (hereinafter referred to as "Defendant") and states:

## JURISDICTION & VENUE

1. Jurisdiction in this Court is proper as the claims herein are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, located within the Middle District of Florida.

## PARTIES and FLSA COVERAGE

4. At all times material hereto, Plaintiff was a resident within the jurisdiction of the

Middle District of Florida.

5.      At all times material hereto, Defendant Speedway was, and continues to be a Limited Liability Company that engages in business in Florida, with a principle place of business located at 500 Speedway Drive, Enon, Ohio.

6.      At all times material hereto, Defendant employed the Plaintiff.

7.      At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8.      At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods and services," in that its employees provide goods and services within the meaning of the FLSA.

10.     The annual gross revenue of Defendant was in excess of $500,000.00 per annum for all relevant time periods.

11.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of his acceptance of shipments of goods that travelled in interstate commerce in the exercise of his regular duties as an employee of Defendant.

12.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13.     Defendant hired Plaintiff to work as a non-exempt Cashier in approximately September 2017.

14. At all times throughout the duration of his employment, Plaintiff was employed at

Defendant's 1351 Homestead Road North, Lehigh Acres, Florida 33936, location.

15.     Plaintiff worked for Defendant in his capacity as a Cashier until approximately June 26, 2020.

16.     As a Cashier, Plaintiff's duties included, but were not limited to, operating the cash register, assisting customer, and helping with other tasks around the store as needed, including, but not limited to, managing shelves, tracking inventory, and maintaining cleanliness of the store.

17.     Throughout the duration of his employment with Defendant, Plaintiff was compensated on an hourly basis.

18.     However, Plaintiff was not properly compensated for all of the hours that he worked each week in most, if not all, workweeks.

19.     Instead, Defendant systematically paid Plaintiff for substantially fewer hours than he actually worked in most, if not all, work weeks.

20.     Specifically, Defendant only compensated Plaintiff for his scheduled work hours, as opposed to the hours that he actually worked.

21.     This practice resulted in countless hours of off-the-clock work in most, if not all, work weeks.

22.     Some, if not all, of the time that Plaintiff was not compensated for were overtime hours (*i.e.*—hours over forty in a single workweek).

23.     During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in one or more workweeks.

24.     At various times throughout the duration of Plaintiff's employment for Defendant, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular

rate of pay for all hours that he worked in excess of forty (40) hours in a single workweek.

25.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

26.     At various times throughout the duration of Plaintiff's employment for Defendant, Defendant's practice of refusing to compensate Plaintiff for the hours that he worked beyond his scheduled work hours resulted in Plaintiff being compensated at a rate less than the applicable minimum wage for all hours worked in a workweek.

27.     Plaintiff should have been, and should be compensated, at least the applicable minimum wage for all hours that she worked each week, plus proper overtime compensation for the hours that he worked over forty in a single work week.

28.     Plaintiff complained to Defendant's Store Manager and Assistant Managers with regard to the off-the-clock work that he was not properly compensated for.

29.     However, nothing was done to remedy the FLSA violations that Plaintiff complained of.

30.     Plaintiff separated from his employment with Defendant on June 26, 2020.

31.     Defendant has violated Title 29 U.S.C. §§ 206 and 207 in that:

    a.      Plaintiff worked in excess of forty (40) hours in one or more workweeks during his employment with Defendant;

    b.      No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendant as

4

provided by the FLSA;

c.    Defendant failed to pay Plaintiff at least minimum wage in one or more workweeks in violation of the FLSA;

d.    Defendant has failed to maintain proper time records as mandated by the FLSA;

e.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

32.    Plaintiff realleges and reincorporates paragraphs 1 through 31 as if fully set forth herein.

33.    Throughout the duration of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

34.    Throughout the duration of his employment, Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

35.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendant.

36.    At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

37.    Defendant's actions were willful and/or showed reckless disregard for the

provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendant.

38.     Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

39.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

41.     Plaintiff demands trial by jury.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 206**
**MINIMUM WAGE COMPENSATION**

42.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 31 as if fully set forth herein.

43.     Plaintiff is entitled to be paid minimum wage for all hours that he worked each week during his employment with Defendant.

44.     Defendant failed to pay Plaintiff minimum wage for all hours that he worked in most, if not all, workweeks during his employment with Defendant.

45.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate him for same.

46.     As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage during one or more weeks of employment with Defendant.

47.      Defendant, through its managers, had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

48.     Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

49.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendant;

b.     Awarding Plaintiff minimum wage compensation in the amount due to him for workweeks Plaintiff worked for Defendant but was not compensated a rate equivalent to the applicable minimum wage;

c.     Awarding Plaintiff liquidated damages in an amount equal to the overtime and/or minimum wage award;

d.     Awarding Plaintiff pre-judgment and/or post-judgment interest;

e.     An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

f.     Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 17th day of November, 2020.

Respectfully Submitted,

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura, Esquire
Florida Bar No.: 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515
Email: CVentura@forthepeople.com

*Trial Counsel for Plaintiff*