UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KURT MOHRING,

    Plaintiff,

v.                                                    Case No.:  2:20-cv-912-SPC-MRM

SPEEDWAY, LLC,

    Defendant.
_____/

## ORDER

The parties filed a Joint Renewed Request for Approval of FLSA Settlement Agreement (Doc. 42).  Regrettably, despite the parties' diligent attempt to address and eliminate the issues the Undersigned highlighted with regard to their original proposed settlement, (*See* Doc. 39), one of the issues remains unresolved. Specifically, the closing paragraph of the revised settlement agreement contains what appears to be a non-mutual, general release of claims by Plaintiff.  (Doc. 39-1 at ECF p. 6).  The paragraph reads:

> **HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, MOHRING FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST SPEEDWAY AND ALL OF THE RELEASED PARTIES, AS OF THE DATE OF EXECUTION OF THIS AGREEMENT.**

(*Id.*).

This broad release language eclipses the more limited release of wage and hour claims found in paragraph 4 of the settlement agreement. (*See id.* at 3-4). The parties do not explain this discrepancy in their renewed motion. If the parties intended for the revised settlement agreement to contain a one-sided general release (as opposed to the limited release of wage claims), then they must explain why the Court should approve the broader release as fair and reasonable in light of the concerns and authorities cited in the Undersigned's prior Report and Recommendation (*see* Doc. 39 at 8-9, 16-20).

The Court has considered whether the problematic language could be severed from the agreement to avoid asking the parties to go back to the drawing board a second time. Unfortunately, however, the parties have boxed themselves in on that point because the severance provision in the revised settlement agreement expressly forbids severing "the release language" in the agreement. (Doc. 42-1 at ECF pp. 4-5).

Because the Undersigned suspects that the issue noted above is actually the result of scrivener's error and not intentional, the Undersigned enters this Order requiring the parties to address it in a second renewed motion rather than enter another detailed Report and Recommendation that would, in all likelihood, be mooted by the parties' quick correction of the issue.

## CONCLUSION

For these reasons, the Court **ORDERS** that:

1. The parties' Joint Renewed Request for Approval of FLSA Settlement Agreement (Doc. 42) is **DENIED WITHOUT PREJUDICE**.

2. **No later than January 21, 2022**, the parties must either:

    a. file a second renewed motion that complies with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982) and this Order; or

    b. file an amended Case Management Report with new proposed case management deadlines and a proposed trial term.

**DONE** and **ORDERED** in Fort Myers, Florida on January 1, 2022.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

3